STATE OF CONNECTICUT *v.* GLENDON R. MAYO,
DIRECTOR OF LICENSES AND INSPECTIONS OF
THE CITY OF HARTFORD

CIRCUIT COURT FOURTEENTH CIRCUIT
FILE NO. CV 14-674-28450

Memorandum filed October 4, 1967

---

*Harold M. Mulvey,* attorney general, and *Robert L. Hirtle, Jr.,* and *David B. Beizer,* assistant attorneys general, for the plaintiff (state).

*Nataleno A. Coco,* assistant corporation counsel, for the defendant.

HERMAN, J. William J. Kimball is an employee of the state board of registration for professional engineers and land surveyors as well as of the architectural registration board. Both boards are agencies of the state of Connecticut. The city of Hartford maintains a bureau of licenses to which applications are submitted for building permits as required by the General Statutes and, from the general authority flowing therefrom, by additional ordinances of the city of Hartford. In compliance with the aforementioned enactments, applicants for building permits are required to file, together with the application, also plans, specifications, and other related documents as may be required, to aid in determining the granting or denial of the application.

Pursuant to official action taken by the aforementioned state boards, Kimball was directed to inspect applications for building permits, together with their supportive documents, then in the custody of the defendant, Glendon R. Mayo, director of licenses and inspections for the city of Hartford. It is not denied that the purpose of inspection was related to and directly concerned with the basic objectives and purposes of the named state boards. This request to inspect for purposes of the business of the state of Connecticut was denied on the grounds that an ordinance of the city of Hartford, § 39-107.4 of the building code of the city of Hartford, provides that the documents sought to be inspected were not public records.

The state of Connecticut brings this action for relief in behalf of its two subordinate agencies, claiming the right to inspect by virtue of § 1-19 of the General Statutes, more commonly referred to as the "right to know" statute.

Section 39-107.4 of the building code provides as follows: "The books containing the records of this division relating to building permits shall be open to public inspection at all reasonable times. Plans, specifications, statements or other papers relating to any application shall be open to the building official and his subordinates but are not public records. The building official shall not allow anyone except the owner of the property or his successor in title to copy any plan or specification on file in the division of buildings, nor shall he allow the removal of any plan or specification from the office of such division except for the purposes of another city department or pursuant to court order."

Section 1-19 of the General Statutes provides, in its pertinent parts, as follows: "[A]ll records made, maintained, or kept on file by any executive, administrative, legislative, or judicial body, agency, commission or official of the state, or any political subdivision thereof, whether or not such records are required by any law or by any public regulation, shall be public records and every resident of the state shall have the right to inspect or copy such records at such reasonable time as may be determined by the custodian thereof." Section 1-20 of the General Statutes authorizes the refusal of permission to inspect or copy such records if such inspection would affect the public security or the financial interests of the state or any of its political subdivisions, or if such denial is necessary to provide reasonable protection to the reputation or character of any person.

The issues arising herein are (1) whether the denial of the plaintiff's request to inspect by the defendant was for just and proper cause,[1] and (2) whether the provisions of § 39-107.4 of the Hartford building code are in violation of chapters 390 and 391 of the General Statutes as they relate to the duties of the architectural registration board and the board of registration for professional engineers and land surveyors. The issues are further directed and narrowed solely to the supporting documents of an application for a building permit. An examination of the limited testimony offered, plus the oral arguments and briefs submitted, indicates that there is no genuine dispute, if any at all, that the bare application for a building permit is susceptible to inspection. It is assumed that the plans, specifications and other supporting data, when submitted, become part of and join with the application. At this point, however, to accomplish the purpose of the ordinance holding that the plans, specifications and other supporting data are not public records, a cleavage of the entire file is effected, and by administrative fiat it becomes two files. One file, i.e. the application, may be inspected, and the remainder may not be.

The court is of the opinion that since the application, which initiates the entire file, is a public record and therefore subject to inspection, the documents offered in support of that application, whether they be plans, specifications, or any other instruments required by the director to effectuate the purposes of his office, cannot at this point take on a different character from the application of which they are an integral part and of which they must by their very

---

[1] General Statutes § 1-20 provides that on an appeal from the denial of the right of inspection, if the Circuit Court "determines such denial was not for just and proper cause, it shall enter such order for disclosure as it deems proper."

character be supportive. Nor does the denial of the permission sought come within the exclusions authorized in § 1-20 of the General Statutes.

Bearing in mind the statutory exceptions, the court is inclined to construe the provisions of § 1-19 of the General Statutes broadly, having regard to the basic and fundamental objectives sought to be accomplished. Section 1-19 should be and is construed in conjunction with the statutes which create and define the duties of the board of registration for professional engineers and land surveyors and the board of registration of architects. To hold that the records in question are not public documents would be to defeat the statutory objectives of these boards. The court is bound to have due regard for the purpose of the inspection sought as it relates to the important duties and functions of the two boards. That the usefulness and importance of this work is also recognized by the defendant is evident from an examination of a plaintiff's exhibit which was admitted without objection. Therein, the last paragraph of a letter over the defendant's signature reads as follows: "Unfortunately, although we are aware of the usefulness of such information in your work, our ordinance will not allow the inspection you desire."

Nor does it avail the city of Hartford anything that, exercising its option as permitted by statute, it chose not to adopt the state building code (see General Statutes § 19-395) and instead, by enactment of its own ordinance as permitted under § 19-378 of the General Statutes, established its own building code. To hold now that the ordinance in question, enacted by statutory authority, supersedes that very act in force and effect is beyond judicial conception.

To hold otherwise would be to vest in the municipalities which elected to adopt their own building

codes a far wider legislative avenue of authority than is vested in those which elected to adopt the basic code of the state of Connecticut.

The rigid interpretation which the defendant seeks to impose by his denial to a state agency of the right to inspect the records in question must give way to the very words of the ordinance, which permits inspection by any of the other municipal departments.

It is ordered that the defendant herein make available for inspection and copying all records of applications for building permits, together with any and all supporting documents filed in connection with said applications and now in the custody of the department of licenses and inspections for the city of Hartford. Said disclosures are to be made to William J. Kimball, as agent of the state of Connecticut, during the normal business hours of the department of licenses and inspections of the city of Hartford.